J-A26045-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICHOLAS ALLAN JOHNSTON | : | |
| | : | |
| Appellant | : | No. 746 WDA 2018 |

Appeal from the Order April 10, 2018
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000018-2015

BEFORE: BENDER, P.J.E., SHOGAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.: FILED NOVEMBER 14, 2018

Nicholas Allan Johnston (Appellant) appeals pro se from the order denying his "Motion To Be Removed From SORNA." We affirm.

In January 2014, Appellant had his girlfriend take sexually provocative photographs of her two-year-old daughter. As a result, he was charged with sexual abuse of children[1] and criminal conspiracy.[2] On April 15, 2015, Appellant entered a negotiated guilty plea to the charge of sexual abuse of children. The criminal conspiracy charge was nolle prossed. On July 15, 2015, the trial court sentenced Appellant, pursuant to the negotiated plea agreement, to two to ten years of incarceration. The trial court also ordered Appellant to register as a sex offender for 25 years pursuant to Pennsylvania's

_____

[1] 18 Pa.C.S.A. § 6312(b)(1).

[2] 18 Pa.C.S.A. § 903(c).

Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10-9799.42. Appellant did not file any post-sentence motions or a direct appeal.

On March 1, 2016, Appellant filed a pro se timely first PCRA petition. The PCRA court appointed counsel. On June 30, 2016, PCRA counsel filed a petition to withdraw and no-merit letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988). On July 5, 2016, the PCRA court granted PCRA counsel's petition to withdraw and issued notice of its intent to dismiss Appellant's PCRA petition pursuant to Pennsylvania Rule of Criminal Procedure 907. On August 1, 2016, the PCRA court dismissed Appellant's first PCRA petition. Appellant did not appeal the dismissal.

On April 6, 2018, Appellant filed the underlying pro se "Motion To Be Removed From SORNA." Referencing our Supreme Court's decision in Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017), Appellant asserted that SORNA's registration and reporting requirements were unconstitutional and could not be applied to him. On April 11, 2018, the trial court denied Appellant's motion. This timely pro se appeal followed.[3]

Appellant presents two issues:

1.      Whether the [c]ourt erred in denying [A]ppellant's motion
        to be removed from SORNA as it is [u]nconstitutional.

---

[3] Both the trial court and Appellant have complied with Pennsylvania Rule of Appellate Procedure 1925.

- 2 -

2.    Whether the [c]ourt erred in not applying the punitive side of SORNA to Appellant.

Appellant's Brief at iv.

Prior to addressing Appellant's issues, we must first determine whether we have jurisdiction.  Although Appellant titled his filing as a "Motion To Be Removed From SORNA," "[w]e have repeatedly held that the PCRA provides the sole means for obtaining collateral review, and that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." Commonwealth v. Johnson, 803 A.2d 1291, 1293 (Pa. Super. 2002). Instantly, Appellant's "Motion To Be Removed From SORNA" was actually his second PCRA petition.  We must therefore consider the timeliness of the petition.  "Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." Commonwealth v. Monaco, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting Commonwealth v. Robinson, 837 A.2d 1157, 1161 (Pa. 2003)).  A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment became final, unless one of the three statutory exceptions apply:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). If a petition is untimely, and the petitioner has not pled and proven any exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." Commonwealth v. Derrickson, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting Commonwealth v. Chester, 895 A.2d 520, 522 (Pa. 2006)).

In this case, the trial court sentenced Appellant on July 15, 2015 and Appellant did not file a direct appeal. Thus, his judgment of sentence became final on August 14, 2015, when the 30-day period for filing an appeal with this Court expired. See Pa.R.A.P. 903(a). As explained above, Appellant had one year – until Monday, August 15, 2016[4] – to file a timely PCRA petition. Accordingly, Appellant's second PCRA petition, which he filed on April 6, 2018, is facially untimely, and we lack jurisdiction to decide Appellant's appeal unless he pled and proved one of the three timeliness exceptions of section 9545(b)(1). See id.

_____

[4] August 14, 2016 was a Sunday. See 1 Pa.C.S.A. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, . . . such day shall be omitted from the computation.").

- 4 -

Appellant has not attempted to plead or prove any of the timeliness exceptions of section 9545(b)(1) in his PCRA petition. See Motion To Be Removed From SORNA, 4/6/18. We are therefore without jurisdiction to address the merits of his appeal.[5] See Derrickson, 923 A.2d at 468.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/14/2018

_____

[5] Even if Appellant's PCRA petition was timely, he would not be entitled to relief. In Muniz, the Supreme Court held that the retroactive application of the registration and reporting requirements of SORNA, which became effective on December 20, 2012, violated the ex post facto clauses of the United States and Pennsylvania Constitutions. Muniz, 164 A.3d at 1223. In this case, Appellant's convictions were the result of Appellant's conduct in January 2014, well after SORNA's effective date. Therefore, the trial court did not retroactively apply SORNA's reporting and registration requirements to Appellant.